# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| KAREN S. PARKER, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-06-065-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff Karen S. Parker appealed the Commissioner of the Social Security Administration's denial of benefits. The Court reversed the Commissioner's decision and remanded the case to the Administrative Law Judge (the "ALJ") for further proceedings. On remand, the Commissioner found the Plaintiff disabled and awarded $35,853.00 in past-due benefits, out of which attorney's fees have been sought pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that Parkers's Motion Under F.R.C.P. 60 For Extension Of Time To [Seek] Attorney Fees Under 42 U.S.C. § 406(b) With Supporting Memorandum [Docket No. 26] and Parker's Attorney's Motion For Attorney Fees Under 42 U.S.C. § 406(b) With Supporting Memorandum [Docket No. 27] should be granted, and that the Plaintiff's counsel should be awarded $8,963.25 in attorney's fees.

The Commissioner observes the notice of award was issued on August 11, 2008, almost four months before the Plaintiff filed her motions. The Plaintiff claims her attorney received a copy of the notice on October 27, 2008, but provides no explanation for the delay.

Nevertheless, there is no argument here that the Plaintiff's motions were untimely, and the Court therefore concludes that the Plaintiff moved for attorney's fees within a reasonable time pursuant to Fed. R. Civ. P. 60. *See McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted]. *See also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]").

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation does not include any fee awarded to the Plaintiff's agency representative by the Commissioner under 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff's fee request of $8,963.25 is 25% of her past-due benefits, so the Court need only consider

whether this is reasonable given the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, *id.* at 808, citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel. *Id.*, citing *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, citing *Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that $8,963.25 is a reasonable amount of attorney's fees for the work done in this case.

First, it is clear the Plaintiff's attorney ably represented her and obtained excellent results in this appeal. The Plaintiff's attorney prepared a detailed brief setting forth, *inter alia*, the substantive grounds for reversal ultimately adopted by the Court. The Plaintiff was

the prevailing party and received $5,869.50 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), but most important of all, she obtained disability benefits from the Commissioner on remand, including over $27,000.00 in past-due benefits even after all attorney's fees are deducted. Second, there is no evidence counsel caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent a total of 39 hours working on the appeal. *See* Docket No. 27, Ex. 3. This equates to an hourly rate of $229.83, which is hardly excessive where the fee was contingent and the risk of loss was clearly not negligible. The Court therefore concludes that the requested fee of $8,963.25 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld the exact amount requested herein for attorney's fees from the Plaintiff's past-due benefits. A portion of that amount will presumably be paid to the Plaintiff's administrative counsel, so the Plaintiff's attorney in this case will be unable to obtain the entire amount awarded by the Court from the past-due benefits withheld by the Commissioner. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Nevertheless, because the $8,963.25 awarded today under Section 406(b)(1) exceeds the $5,869.50 awarded previously under the EAJA, the Plaintiff's attorney must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, Parkers's Motion Under F.R.C.P. 60 For Extension Of Time To [Seek] Attorney Fees Under 42 U.S.C. § 406(b) With Supporting Memorandum [Docket No. 26] and Parker's Attorney's Motion For Attorney Fees Under 42 U.S.C. § 406(b) With Supporting Memorandum [Docket No. 27] are hereby GRANTED. The Court approves an award of attorney's fees in the amount of $8,963.25 to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1). The Commissioner is hereby directed to pay the Plaintiff's attorney said amount (or such amount as remains in the Commissioner's possession) from the Plaintiff's withheld past-due benefits. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 16th day of December, 2008.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**